

FILED
DEC 17 2007
DEC 17 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRODDI, INC. d/b/a SATISFIED FROG,

    Plaintiffs,

v.

CITY OF WARRENVILLE, RAYMOND
TURANO, CHIEF OF POLICE, SERGEANT
PIKOLCZ, OFFICER WILK, OFFICER DOWNEY,
and OFFICER ROMAN of the WARRENVILLE
POLICE DEPARTMENT.

07CV 7082
JUDGE LEFKOW
MAGISTRATE JUDGE ASHMAN

) Jury Demand

## COMPLAINT

Plaintiffs through their attorneys, Thomas Peters, Kevin Peters, and Mary DeSloover, state as follows:

### COUNT I
### Parties

1. Plaintiff, Diroddi, Inc., is an Illinois corporation doing business as the "Satisfied Frog" which was located in Warrenville, Illinois.

2. Defendant Raymond Turano is the Chief of Police for Warrenville and Defendants, Sgt. Pikolcz, Officers Wilk, Downey and Roman are Warrenville police officers.

3. The City of Warrenville is an Illinois municipality and the employer of the other Defendants.

1

## Jurisdiction and Venue

4. This Court has federal question jurisdiction based on 28 U.S.C. §§ 1331 and 1343 (a) because the case raises federal constitutional issues.

5. The Court has supplemental jurisdiction over substantially related state claims based on 28 U.S.C. 1367 (a).

6. All of the acts alleged herein occurred within this federal district so this is an appropriate venue.

## Color of Law, Agency and Policy

7. All of the acts of the Defendant officers were taken under color of state law as defined by 42 U.S.C. 1983.

8. All of the acts of the Defendant officers were within the course and scope of their employment.

9. Defendant Raymond Turano, Chief of Police, was aware of the acts of the other Defendant officers and he either directed the other officers to perform those acts or he ratified and condoned those acts.

10. With respect to all of the conduct alleged herein, Defendant Raymond Turano was authorized to set policy for the City of Warrenville.

11. The policymakers for the City of Warrenville were aware of the acts alleged herein and condoned those acts.

12. As a result of the direct or tacit approval of Defendant Raymond Turano and

the policymakers of the City of Warrenville, a de facto practice and policy evolved. As a result of that de facto policy and procedure, the individual officers were authorized to engage in a pattern and practice of overt and covert harassment of Plaintiff and its employees.

13. The acts alleged herein, as the acts of any one or more of the Defendant officers, were part of a pattern of retaliatory harassment that was condoned and ratified by Chief Turano and by the City of Warrenville.

## Other Factual Allegations

14. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, on numerous occasions in 2006 and 2007 entered the Satisfied Frog and attempted to intimidate or harass employees and customers.

15. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have followed customers of the Satisfied Frog as those customers went to their cars or were leaving the parking lot of the Satisfied Frog.

16. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have approached customers and employees of the Satisfied Frog in an intimidating manner while inside the Satisfied Frog and when customers and employees were leaving the establishment.

17. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have made false allegations against employees of the Satisfied Frog and have created a hostile atmosphere in and around the business, thereby driving customers away from the Satisfied Frog..

18. City of Warrenville police officers, acting pursuant to the policy and practice of the City of Warrenville, have engaged in a series of retaliatory acts against Jeffrey Barnes, the manager of the Satisfied Frog, over the last 12-18 months

19. On or about April 28, 2006, Jeffrey Barnes was falsely arrested by Defendant Sgt. Pikolcz, for obstruction of a peace officer (07 CM 535). This arrest was part of the pattern and practice of Warrenville police, as ratified and condoned by the Chief of Police.

20. On or about September 5, 2006, the obstruction charge was dismissed for failure to even allege an offense.

21. On or about January 20, 2007, the State re-filed the charges, again based on the false reports given to the prosecution by Warrenville police officers including, but not limited to, Sgt. Pikolcz.

22. The officers who arrested Jeffrey Barnes also took his computer/phone with all of the customer and business records of the Satisfied Frog. The officers refused to return the phone even though the phone had no evidentiary value.

23. On or about April 17, 2007, a complaint was filed against Jeffrey Barnes, the manager of Satisfied Frog, for a) allegedly screeching tires and b) no front plates and no registration. The case number for those alleged violations was 07 TR 051575.

24. Even though Jeffrey Barnes lived in DuPage County and was at the Satisfied Frog almost daily, the officers who issued these tickets intentionally chose not to serve him with copies of those tickets.

25. By not serving Jeffrey Barnes the officers knew that a warrant would be issued for his arrest which would enable the officers to harass Jeffrey Barnes and interfere with business at the Satisfied Frog.

26. When Jeffrey Barnes learned of these traffic tickets, he promptly surrendered and posted bond. He then demanded trial. When the officers who issued the tickets failed to appear in court, the charges were dismissed.

27. City of Warrenville police officers then induced the prosecutors to re-file the same traffic charges by falsely reporting that Jeffrey Barnes had violated traffic laws.

28. On or about August 18, 2007, Jeffrey Barnes was again falsely arrested by Warrenville police officers on the charges of aggravated battery, criminal damage to property, reckless driving, and possession of cannabis (Case number 07 CF 2222-01).

29. As a result of this pervasive pattern of retaliatory harassment by the City of Warrenville police officers, Plaintiff was forced to close the Satisfied Frog in 2007.

30. Prior to the harassment by the City of Warrenville police, the Satisfied Frog

was a profitable business.

31. As a direct and proximate result of the pattern of police harassment, the business was losing its customer base.

32. As a direct and proximate result of the unconstitutional pattern of police harassment, Plaintiffs feared for the safety of their employees and were particularly concerned that Warrenville police officers would continue to falsely arrest Jeffrey Barnes.

Wherefore, Plaintiffs pray the court will award them actual and punitive damages as well as costs and reasonable fees against the Defendants.

## COUNT II

1-32. Plaintiffs reallege paragraphs 1-32 of Count I as paragraphs 1-32 of Count II.

33. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

34. The defendant officers were acting under color of state law and as employees of the City of Warrenville.

Wherefore, Plaintiffs pray the court will award them actual damages and costs against the City of Warrenville.

Respectfully submitted,

THOMAS PETERS
KEVIN PETERS
MARY F. DeSLOOVER
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(312) 697-0022