90/08-5809.DU / kjs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRODDI, INC., d/b/a SATISFIED FROG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 07 C 7082 |
| CITY OF WARRENVILLE, RAYMOND TURANO, Chief of Police, SERGEANT PIKOLCZ, OFFICER WILK, OFFICER DOWNEY, and OFFICER ROMAN of the Warrenville Police Department, | ) ) Judge Joan H. Lefkow ) ) Magistrate Judge Ashman ) ) |
| Defendants. | ) ) |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSE BY DEFENDANTS CITY OF WARRENVILLE, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY AND MATTHEW KOMAR

NOW COME the Defendants, CITY OF WARRENVILLE, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY and MATTHEW KOMAR (incorrectly sued as "Officer Roman"), by and through one of their attorneys, WILLIAM W. KURNIK, and, for their answer to the Complaint of the Plaintiff, Diroddi, Inc., d/b/a Satisfied Frog, state as follows:

### COUNT I
### Parties

1.      Plaintiff, Diroddi, Inc., is an Illinois corporation doing business as the "Satisfied Frog" which was located in Warrenville, Illinois.

**ANSWER:**      Admit.

2. Defendant Raymond Turano is the Chief of Police for Warrenville and Defendants, Sgt. Pikolcz, Officers Wilk, Downey and Roman are Warrenville police officers.

**ANSWER:** Admit that all but Roman are Warrenville police officers and admit that Komar is a Warrenville police officer.

3. The City of Warrenville is an Illinois municipality and the employer of the Defendants.

**ANSWER:** Admit.

### Jurisdiction and Venue

4. This Court has federal question jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

**ANSWER:** Admit.

5. The Court has supplemental jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

**ANSWER:** Admit.

6. All of the acts alleged herein occurred within this federal district so this is an appropriate venue.

**ANSWER:** Admit.

### Color of Law, Agency and Policy

7. All of the acts of the Defendant officers were taken under color of state law as defined by 42 U.S.C. 1983.

**ANSWER:** Admit.

8. All of the acts of the Defendant officers were within the course and scope of their employment.

**ANSWER:** Admit.

9. Defendant Raymond Turano, Chief of Police, was aware of the acts of the other Defendant officers and he either directed the other officers to perform those acts or he ratified and condoned those acts.

**ANSWER:** Deny.

10. With respect to all of the conduct alleged herein, Defendant Raymond Turano was authorized to set policy for the City of Warrenville.

**ANSWER:** Deny.

11. The policymakers for the City of Warrenville were aware of the acts alleged herein and condoned those acts.

**ANSWER:** Deny that any of the acts referred to herein occurred, and they deny that the policymakers were aware of any acts alleged.

12. As a result of the direct or tacit approval of Defendant Raymond Turano and the policymakers of the City of Warrenville, a de facto practice and policy evolved. As a result of the de facto policy and procedure, the individual officers were authorized to engage in a pattern and practice of overt and covert harassment of Plaintiff and its employees.

**ANSWER:** Deny that any of the acts referred to herein occurred, deny that any policy existed, and deny the allegations contained in this paragraph.

13. The acts alleged herein, as the acts of any one or more of the Defendant officers, were part of a pattern of retaliatory harassment that was condoned and ratified by Chief Turano and by the City of Warrenville.

**ANSWER:** Deny.

### Other Factual Allegations

14. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, on numerous occasions in 2006 and 2007 entered the Satisfied Frog and attempted to intimidate or harass employees and customers.

**ANSWER:** Admit that Warrenville police officers, including some of the Defendant Officers, entered the Satisfied Frog in 2006 and 2007 pursuant to a policy and practice of the Warrenville Police Department of performing bar checks on all bars located within the City. The Defendants deny the remaining allegations contained in this paragraph.

15. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have followed customers of the Satisfied Frog as those customers went to their cars or were leaving the parking lot of the Satisfied Frog.

**ANSWER:** Defendants deny that a policy or practice existed of following customers of the Satisfied Frog as they went to their cars or as they were leaving the parking lot; and they deny the allegations contained in this paragraph.

16. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have approached customers and employees of the Satisfied Frog in an intimidating manner while inside the Satisfied Frog and when customers and employees were leaving the establishment.

**ANSWER:** Deny.

17. City of Warrenville police officers, including the Defendant officers, acting pursuant tot he de facto policy and practice of the City of Warrenville, have made false allegations against employees of the Satisfied Frog and have created a hostile atmosphere in and around the business, thereby driving customers away from the Satisfied Frog.

**ANSWER:** Deny.

18. City of Warrenville police officers, acting pursuant to the policy and practice of the City of Warrenville, have engaged in a series of retaliatory acts against Jeffrey Barnes, the manager of the Satisfied Frog, over the last 12-18 months.

**ANSWER:** Deny.

19. On or about April 28, 2006, Jeffrey Barnes was falsely arrested by Defendant Sgt. Pikolcz, for obstruction of a peace officer (07 CM 535). This arrest was part of the pattern and practice of Warrenville police, as ratified and condoned by the Chief of Police.

**ANSWER:** Defendants admit that on April 28, 2006, Jeffrey Barnes was arrested by Defendant Pikolcz for obstructing a police officer. Defendants deny the remaining allegations contained in this paragraph.

20. On or about September 5, 2006, the obstruction charge was dismissed for failure to even allege an offense.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in this paragraph.

21. On or about January 20, 2007, the State re-filed the charges, again based on the false reports given to the prosecution by Warrenville police officers, including, but not limited to, Sgt. Pikolcz.

**ANSWER:** Defendants deny that false reports concerning the arrest of April 28, 2006 were given by any Warrenville police officers. Defendants are without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations contained in this paragraph.

22. The officers who arrested Jeffrey Barnes also took his computer/phone with all of the customer and business records of the Satisfied Frog. The officers refused to return the phone even though the phone had no evidentiary value.

**ANSWER:** Defendants admit that in connection with the arrest of Jeffrey Barnes on April 28, 2006, his camera phone was taken. Defendants deny the remaining allegations contained in this paragraph.

23. On or about April 17, 2007, a complaint was filed against Jeffrey Barnes, the manager of Satisfied Frog, for a) allegedly screeching tires and b) no front plates and no registration. The case number for those alleged violations was 07 TR 051575.

**ANSWER:** With the exception of the date, the Defendants admit the allegations contained in this paragraph, stating that the complaint was filed on April 8, 2007.

24. Even though Jeffrey Barnes lived in DuPage County and was at the Satisfied Frog almost daily, the officers who issued these tickets intentionally chose not to serve him with copies of those tickets.

**ANSWER:** Defendants admit that Jeffrey Barnes lived in DuPage County and was at the Satisfied Frog. Defendants deny the remaining allegations contained in this paragraph.

   25. By not serving Jeffrey Barnes the officers knew that a warrant would be issued for his arrest which would enable the officers to harass Jeffrey Barnes and interfere with business at the Satisfied Frog.

**ANSWER:** Deny.

   26. When Jeffrey Barnes learned of these traffic tickets, he promptly surrendered and posted bond. He then demanded trial. When the officers who issued the tickets failed to appear in court, the charges were dismissed.

**ANSWER:** Deny.

   27. City of Warrenville police officers then induced the prosecutors to re-file the same traffic charges by falsely reporting that Jeffrey Barnes had violated traffic laws.

**ANSWER:** Deny.

   28. On or about August 18, 2007, Jeffrey Barnes was again falsely arrested by Warrenville police officers on the charges of aggravated battery, criminal damage to property, reckless driving, and possession of cannabis (Case number 07 CF 222-01).

**ANSWER:** Defendants admit that on August 18, 2007, Jeffrey Barnes was arrested by Warrenville police officers on the referred to charges, but deny that the arrest was false or without probable cause.

   29. As a result of this pervasive pattern of retaliatory harassment by the City of Warrenville police officers, Plaintiff was forced to close the Satisfied Frog in 2007.

**ANSWER:** Deny.

   30. Prior to the harassment by the City of Warrenville police, the Satisfied Frog was a profitable business.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in this paragraph.

   31. As a direct and proximate result of the pattern of police harassment, the business was losing its customer base.

**ANSWER:** Deny.

32. As a direct and proximate result of the unconstitutional pattern of police harassment, Plaintiffs feared for the safety of their employees and were particularly concerned that Warrenville police officers would continue to falsely arrest Jeffrey Barnes.

**ANSWER:** Deny.

WHEREFORE, these Defendants, CITY OF WARRENVILLE, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY and MATTHEW KOMAR (incorrectly sued as "Officer Roman"), deny that the Plaintiff, Diroddi, Inc., d/b/a Satisfied Frog, is entitled to any judgment whatsoever as against these Defendants.

## COUNT II

1-32. Plaintiffs reallege paragraphs 1-32 of Count I as paragraphs 1-32 of Count II.

**ANSWER:** Defendants incorporate by reference, as though set forth fully herein, paragraphs 1 through 32, inclusive, of their answer to Count I as paragraphs 1 through 32, inclusive, of their answer to this Count II.

33. At all relevant times, 745 ILCS 10/9-102 was in full force and effect.

**ANSWER:** Admit.

34. The defendant officers were acting under color of sate law and as employees of the City of Warrenville.

**ANSWER:** Admit.

WHEREFORE, the Defendant, CITY OF WARRENVILLE, denies that the Plaintiff, Diroddi, Inc., d/b/a Satisfied Frog, is entitled to any judgment whatsoever as against this Defendant.

## **AFFIRMATIVE DEFENSE**

NOW COME the individual Defendants, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY and MATTHEW KOMAR (incorrectly sued as "Officer Roman"), by and through one of their attorneys, WILLIAM W. KURNIK, and, for their affirmative defense, state as follows:

Under the totality of the circumstances, reasonably competent police officers would not have concluded that the actions of the Defendants referred to in the Plaintiff's Complaint were unconstitutional and they are entitled to qualified immunity.

WHEREFORE, the individual Defendants, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY and MATTHEW KOMAR (incorrectly sued as "Officer Roman"), pray that judgment be entered in their favor and against the Plaintiff, DIRODDI, INC., d/b/a SATISFIED FROG, in accordance with the foregoing affirmative defense.

    Respectfully submitted by,

    s/ William W. Kurnik
    WILLIAM W. KURNIK, Attorney I.D. #01550632
    One of the Attorneys for Defendants
    CITY OF WARRENVILLE, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY and MATTHEW KOMAR (incorrectly sued as "Officer Roman")

    KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
    2860 River Road, Suite 400
    Des Plaines, IL 60018-6009
    Telephone:    847-298-8000
    Facsimile:    847-298-8014
    E-Mail:    bkurnik@khkklaw.com

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on March 14, 2008, the foregoing ***ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSE BY DEFENDANTS CITY OF WARRENVILLE, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY AND MATTHEW KOMAR*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing to the following: **Michael Jude Atkus** at matkus@khkklaw.com; **Michael D. Bersani** at mbersani@hcbattorneys.com, lsego@hcbattorneys.com; **Michael William Condon** at mcondon@hcbattorneys.com, dhoekstra@hcbattorneys.com; **Mary F. DeSloover** at 040424@msn.com; **Theodore N. Goanos** at ngoanos@hcbattorneys.com, dhoekstra@hcbattorneys.com; and **Zrinka Rukavina** at zrukavina@hcbattorneys.com, dhoekstra@hcbattorneys.com; and a copy thereof was mailed by United States Postal Service to the following non-CM/ECF participants:

**Kevin Peters** at 407 South Dearborn Street, Suite 1675, Chicago, IL 60605
**Thomas Peters** at 407 South Dearborn Street, Chicago, IL 60605

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney I.D. #01550632
One of the Attorneys for Defendants
CITY OF WARRENVILLE, RAYMOND TURANO, DAVID WILK, JEFFREY DOWNEY and MATTHEW KOMAR (incorrectly sued as "Officer Roman")

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:    bkurnik@khkklaw.com

5809 Answer 08-03-11