IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRODDI, INC., d/b/a SATISFIED FROG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF WARRENVILLE, RAYMOND ) <br> TURANO, CHIEF OF POLICE, SERGEANT ) <br> PIKOLCZ, OFFICER WILK, OFFICER ) <br> DOWNEY, and OFFICER ROMAN of the ) <br> WARRENVILLE POLICE DEPARTMENT, ) <br> ) <br> Defendants. ) | Case No. 07 CV 7082 <br><br> Judge Lefkow <br> Magistrate Judge Ashman |

### DEFENDANT PIKOLCZ'S ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT

NOW COMES the Defendant, SERGEANT JOHN PIKOLCZ, by and through one of his attorneys, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and for his answer and affirmative defense to the complaint, states as follows:

### COUNT I
### Parties

1. Plaintiff, Diroddi, Inc., is an Illinois corporation doing business as the "Satisfied Frog" which was located in Warrenville, Illinois.

**ANSWER:** Defendant Pikolcz states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Count I, paragraph one.

2. Defendant Raymond Turano is the Chief of Police for Warrenville and Defendants, Sgt. Pikolcz, Officers Wilk, Downey and Roman are Warrenville police officers.

**ANSWER**:   Defendant Pikolcz admits that Defendant Raymond Turano is the Chief of Police for Warrenville and that himself, Officers Wilk and Downey are Warrenville police officers. Defendant Pikolcz denies the remaining allegations contained in paragraph two.

3.   The City of Warrenville is an Illinois municipality and the employer of the other Defendants.

**ANSWER**:   Defendant Pikolcz admits the allegations contained in Count I, paragraph three.

### Jurisdiction and Venue

4.   This Court has federal question jurisdiction based on 28 U.S.C. §§ 1331 and 1343 (a) because the case raises federal constitutional issues.

**ANSWER**:   Defendant Pikolcz admits the allegations contained in Count I, paragraph four.

5.   The Court has supplemental jurisdiction over substantially related state claims based on 28 U.S.C. 1367 (a).

**ANSWER**:   Defendant Pikolcz admits the allegations contained in Count I, paragraph five.

6.   All of the acts alleged herein occurred within this federal district so that is an appropriate venue.

**ANSWER**:   Defendant Pikolcz admits the allegations contained in Count I, paragraph six.

### Color of Law, Agency and Policy

7.   All of the acts of the Defendant officers were taken under color of state law as defined by 42 U.S.C. 1983.

**ANSWER**:   Defendant Pikolcz admits the allegations contained in Count I, paragraph seven.

8.   All of the acts of the Defendant officers were within the course and scope of their employment.

**ANSWER:**   Defendant Pikolcz admits the allegations contained in Count I, paragraph eight.

9.   Defendant Raymond Turano, Chief of Police, was aware of the acts of the other Defendant officers and he either directed the other officers to perform those acts or he ratified and condoned those acts.

**ANSWER:**   Defendant Pikolcz denies all allegations of wrongdoing and therefore denies the allegations contained in Count I, paragraph nine.

10.   With respect to all of the conduct alleged herein, Defendant Raymond Turano was authorized to set policy for the City of Warrenville.

**ANSWER:**   Defendant Pikolcz states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Count I, paragraph ten.

11.   The policymakers for the City of Warrenville were aware of the acts alleged herein and condoned those acts.

**ANSWER:**   Defendant Pikolcz denies all allegations of wrongdoing and therefore denies the allegations contained in Count I, paragraph eleven.

12.   As a result of the direct or tacit approval of Defendant Raymond Turano and the policymakers of the City of Warrenville, a de fact practice and policy evolved. As a result of that de facto policy and procedure, the individual officers were authorized to engage in a pattern and practice of overt and covert harassment of Plaintiff and its employees.

**ANSWER:**   Defendant Pikolcz denies the allegations contained in Count I, paragraph twelve.

13.   The acts alleged herein, as the acts of any one or more of the Defendant officers, were part of a pattern of retaliatory harassment that was condoned and ratified by Chief Turano and by the City of Warrenville.

**ANSWER:**   Defendant Pikolcz denies the allegations contained in Count I, paragraph thirteen.

## Other Factual Allegations

14. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, on numerous occasions in 2006 and 2007 entered the Satisfied Frog and attempted to intimidate or harass employees and customers.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph fourteen.

15. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have followed customers of the Satisfied Frog as those customers went to their cars or were leaving the parking lot of the Satisfied Frog.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph fifteen.

16. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have approached customers and employees of the Satisfied Frog in an intimidating manner while inside the Satisfied Frog and when customers and employees were leaving the establishment.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph sixteen.

17. City of Warrenville police officers, including the Defendant officers, acting pursuant to the de facto policy and practice of the City of Warrenville, have made false allegations against employees of the Satisfied Frog and have created a hostile atmosphere in and around the business, thereby driving customers away from the Satisfied Frog.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph seventeen.

18. City of Warrenville police officers, acting pursuant to the policy and practice of the City of Warrenville, have engaged in a series of retaliatory acts against Jeffrey Barnes, the manager of the Satisfied Frog, over the last 12-18 months.

**ANSWER:** Defendant Pikolcz denies the allegations contained in Count I, paragraph eighteen.

19. On or about April 28, 2006, Jeffrey Barnes was falsely arrested by Defendant Sgt. Pikolcz, for obstruction of a peace officer (07 CM 535). This arrest was part of the pattern and practice of Warrenville police, as ratified and condoned by the Chief of Police.

**ANSWER:** Defendant Pikolcz denies the allegations contained in Count I, paragraph nineteen.

20. On or about September 5, 2006, the obstruction charge was dismissed for failure to even allege an offense.

**ANSWER:** Defendant Pikolcz states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Count I, paragraph one.

21. On or about January 20, 2007, the State re-filed the charges, again based on the false reports given to the prosecution by Warrenville police officers including, but not limited to, Sgt. Pikolcz.

**ANSWER:** Defendant Pikolcz denies the allegations contained in Count I, paragraph twenty-one.

22. The officers who arrested Jeffrey Barnes also took his computer/phone with all of the customer and business records of the Satisfied Frog. The officers refused to return the phone even though the phone had no evidentiary value.

**ANSWER**: Defendant Pikolcz admits that the officers who arrested Jeffrey Barnes took his computer/phone. Defendant Pikolcz denies the remaining allegations contained in Count I, paragraph twenty-two.

23. On or about April 17, 2007, a complaint was filed against Jeffrey Barnes, the manager of Satisfied Frog, for a) alleging screeching tires and b) no front plates and no registration. The case number for those alleged violations was 07 TR 051575.

**ANSWER**: Defendant Pikolcz admits the allegations contained in Count I, paragraph twenty-three, except that Defendant denies that the complaint was filed on April 17, 2007.

24. Even though Jeffrey Barnes lived in DuPage County and was at the Satisfied Frog almost daily, the officers who issued these tickets intentionally chose not to serve him with copies of those tickets.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph twenty-four.

25. By not serving Jeffrey Barnes the officers knew that a warrant would be issued for his arrest which would enable the officers to harass Jeffrey Barnes and interfere with business at the Satisfied Frog.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph twenty-five.

26. When Jeffrey Barnes learned of these traffic tickets, he promptly surrendered and posted bond. He then demanded trial. When the officers who issued the tickets failed to appear in court, the charges were dismissed.

**ANSWER**: Defendant Pikolcz states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Count I, paragraph twenty-six.

27. City of Warrenville police officers then induced the prosecutors to re-file the same traffic charges by falsely reporting that Jeffrey Barnes had violated traffic laws.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph twenty-seven.

28. On or about August 18, 2007, Jeffrey Barnes was again falsely arrested by Warrenville police officers on the charges of aggravated battery, criminal damage to property, reckless driving, and possession of cannabis (Case number 07 CF 2222-01).

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph twenty-eight.

29. As a result of this persuasive pattern of retaliatory harassment by the City of Warrenville police officers, Plaintiff was forced to close the Satisfied Frog in 2007.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph twenty-nine.

30. Prior to the harassment by the City of Warrenville police, the Satisfied Frog was a profitable business.

**ANSWER**: Defendant Pikolcz denies the allegations the allegation of harassment contained in Count I, paragraph thirty. Defendant states that he has knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in Count I, paragraph one.

31. As a direct and proximate result of the pattern of police harassment, the business was losing its customer base.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph thirty-one.

32. As a direct and proximate result of the unconstitutional pattern of police harassment, Plaintiffs feared for the safety of their employees and were particularly concerned that Warrenville police officers would continue to falsely arrest Jeffrey Barnes.

**ANSWER**: Defendant Pikolcz denies the allegations contained in Count I, paragraph thirty-two.

WHEREFORE, Defendant PIKOLCZ denies that the Plaintiffs are entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

## COUNT II

1-32. Plaintiffs reallege paragraphs 1-32 of Count I as paragraphs 1-32 of Count II.

**ANSWER**: Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 of Count I as paragraphs 1 through 32 of this Count II. Therefore, Defendant Pikolcz realleges and incorporates his answers to paragraphs 1 through 32 of Count I as his answers to paragraphs 1 through 32 of this Count II.

33. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

**ANSWER**: Defendant Pikolcz admits the allegations contained in Count I, paragraph thirty-three.

34. The defendant officers were acting under color of state law and as employees of the City of Warrenville.

**ANSWER**: Defendant Pikolcz admits the allegations contained in Count I, paragraph thirty-four.

WHEREFORE, Defendant PIKOLCZ denies that the Plaintiffs are entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

        S/MICHAEL D. BERSANI
        MICHAEL D. BERSANI, Bar Number 06200897
        Attorney for Defendant, SERGEANT JOHN PIKOLCZ
        HERVAS, CONDON & BERSANI, P.C.
        333 Pierce Road, Suite 195
        Itasca, IL 60143-3156
        Phone: 630-773-4774
        Fax: 630-773-4851
        mbersani@hcbattorneys.com

## **AFFIRMATIVE DEFENSE**

NOW COMES the Defendant, SERGEANT JOHN PIKOLCZ, by and through one of his attorneys, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and for his Affirmative Defense to Plaintiffs' complaint, states as follows:

The Defendant did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling him to qualified immunity.

WHEREFORE, the Defendant, SERGEANT JOHN PIKOLCZ, denies that the Plaintiffs are entitled to any judgment whatsoever against him and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit.

S/MICHAEL D. BERSANI
MICHAEL D. BERSANI, Bar Number 06200897
Attorney for Defendant, SERGEANT JOHN PIKOLCZ
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
mbersani@hcbattorneys.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRODDI, INC., d/b/a SATISFIED FROG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07 CV 7082 |
| ) | |
| CITY OF WARRENVILLE, RAYMOND ) | Judge Lefkow |
| TURANO, CHIEF OF POLICE, SERGEANT ) | Magistrate Judge Ashman |
| PIKOLCZ, OFFICER WILK, OFFICER ) | |
| DOWNEY, and OFFICER ROMAN of the ) | |
| WARRENVILLE POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2008, I electronically filed the foregoing *Defendant Pikolcz's Answer and Affirmative Defense to Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**TO:**  Thomas Peters                                    Mary F. DeSloover
        Kevin Peters                                     Law Offices of Mary DeSloover
        407 South Dearborn Street, Suite 1675            407 South Dearborn Street, Suite 1735
        Chicago, IL 60605                                Chicago, IL 60605
        tompeters9@aol.com                               040424@msn.com
        kp6970022@aol.com

        William W. Kurnik
        Michael J. Atkus
        Knight, Hoppe, Kurnik & Knight, Ltd.
        2860 River Road, Suite 400
        Des Plaines, IL 60018
        bkurnik@khkklaw.com
        matkus@khkklaw.com

                                      S/MICHAEL D. BERSANI
                                      MICHAEL D. BERSANI, Bar Number 06200897
                                      Attorney for Defendant, SERGEANT JOHN PIKOLCZ
                                      HERVAS, CONDON & BERSANI, P.C.
                                      333 Pierce Road, Suite 195
                                      Itasca, IL 60143-3156
                                      Phone: 630-773-4774
                                      Fax: 630-773-4851
                                      mbersani@hcbattorneys.com